# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| GERALD L. MILLER, JR., CDCR #C-92075,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>O. RUFION; MOONGA, R.N.,<br><br>　　　　　　　Defendants. | Civil No.　08-1233 BTM (WMc)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.
### PROCEDURAL HISTORY

On August 20, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff later filed a First Amended Complaint which is permissible pursuant to FED.R.CIV.P. 15(a)(1)(A). Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to

-1- 08cv1233

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 9].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Here, the Court finds that the allegations in Plaintiff's First Amended Complaint are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc. No. 8] upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and certified copies of his First Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2.   Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be

filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

3. Prior to filing any motion, Counsel for Defendants shall contact the chambers of the assigned judge to obtain a hearing date and time.

DATED: December 31, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge