# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| GERALD L. MILLER, JR.,<br>CDCR #C-92075,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>O. RUFION; MOONGA, R.N.,<br><br>　　　　　　　　　　Defendants. | Civil No.　08-1233 BTM (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**<br>**[Doc. No. 12-1]** |

## I.
### PROCEDURAL HISTORY

On August 20, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff later filed a First Amended Complaint which is permissible pursuant to FED.R.CIV.P. 15(a)(1)(A). Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 9]. The Court issued an Order directing the United States Marshal Service to effect service of Plaintiff's First Amended Complaint [Doc. No. 15]. On January 7, 2009, Plaintiff filed a "Motion to Show Cause and Motion for Temporary Restraining Order" [Doc. No. 12].

## II.

## MOTION FOR TEMPORARY RESTRAINING ORDER

### A.    Standard for TRO

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted "only if (1) it clearly appears from the specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED. R. CIV. P. 65(b).  A plaintiff must do more than merely allege imminent harm sufficient to establish standing. He must also demonstrate immediate threatened injury as a prerequisite to the issuance of a temporary restraining order or preliminary injunctive relief. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).

Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to "some significant risk of irreparable injury." *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). The threat of injury must be imminent and not merely speculative. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).  In addition, where the temporary restraining order is sought against actions by a governmental actor or agency which has allegedly violated the law, then the movant must establish that the threat of injury is both "real and

immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

### B. Application of Standard to Plaintiff's TRO

In his application, Plaintiff is seeking an order preventing prison officials from withholding his "court and regular mail." (Mot. at 1.) Specifically, Plaintiff claims that he has not received mail from his friends or family and on at least one occasion, prison officials refused to mail his legal documents in his court proceeding. (*Id.* at 3-4.) Plaintiff has attached to this motion a copy of objections he drafted in a separate action. (*Id.*)

After careful review of Plaintiffs's application for TRO, the Court finds that he has failed to demonstrate the immediate, irreparable injury which is a threshold requirement of FED. R. CIV. P. 65. As the Court has stated above, the threat of injury must be imminent and not merely speculative. *Caribbean Marine Services Co.*, 844 F.2d at 674-75. A review of the Court's docket in this matter indicates that Plaintiff has been able to file his legal documents and has received legal mail sent from the Court in this matter. For example, Plaintiff was notified by the Court that this case had been reassigned on November 26, 2008. (*See* Nov. 26, 2008 Order Reassigning Case to Visiting Judge.) It is clear that Plaintiff received this notice because he made the appropriate change to the case number by reflecting the initials of the newly assigned Judge. (*See* Pl.'s Mot. at 1.) In addition, the Court received a filing from Plaintiff on January 20, 2009 [Doc. No. 16]. Thus, it does not appear that Plaintiff has had any difficulty in sending or receiving his legal mail as it pertains to the case currently before the Court.

Having reviewed Plaintiff's application and supporting documents in support of his request for a temporary restraining order, the Court finds that Plaintiff has failed to demonstrate the immediate, irreparable injury which is a threshold requirement of FED. R. CIV. P. 65. Accordingly, based on the foregoing, the Court hereby **DENIES**, without prejudice, Plaintiff's application for a temporary restraining order pursuant to FED. R. CIV. P. 65.

/ / /

/ / /

/ / /

## III.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Order to Show Case and for Temporary Restraining Order and Injunctive Relief [Doc. No. 12] is **DENIED** without prejudice pursuant to FED.R.CIV.P. 65.

**IT IS SO ORDERED.**

DATED: February 11, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge