# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| GERALD L. MILLER, JR., CDCR #C-92075,<br><br>Plaintiff,<br><br>vs.<br><br>O. RUFION; MOONGA, R.N.,<br><br>Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER DENYING MOTION TO RECONSIDER TEMPORARY RESTRAINING ORDER**<br><br>**[Doc. No. 20]** |

## I.

### PROCEDURAL HISTORY

On August 20, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff later filed a First Amended Complaint which is permissible pursuant to FED.R.CIV.P. 15(a)(1)(A). Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 9]. The Court issued an Order directing the United States Marshal Service to effect service of Plaintiff's First Amended Complaint [Doc. No. 15]. On January 7, 2009, Plaintiff filed a "Motion to Show Cause and Motion for Temporary Restraining Order ("TRO")" [Doc. No. 12]. The Court denied Plaintiff's Motion for TRO on February 11, 2009. Plaintiff has now filed a "Motion to Reconsider Temporary Restraining Order and Injunctive Relief" [Doc. No. 20].

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)

The only named Defendants in this action are Defendants Moonga and Rufion. (*See* FAC at 1-2.) The claims against these Defendants, in general terms, are Eighth Amendment violations arising from an incident that occurred in 2007 at Kern Valley State Prison. (*Id.*) Now, in Plaintiff's request for reconsideration of the Court's denial of his request for a temporary restraining order and injunctive relief, he brings an entirely new set of unrelated claims against parties other than Moonga and Rufion. (*See* Pl.'s Mot. to Reconsider at 1-5.) Plaintiff cannot bring these claims in this action because he must first properly exhaust his administrative remedies. *See* 42 U.S.C. § 1997e. If Plaintiff wishes to pursue the claims that he sets forth in his request for a TRO and Motion for Reconsideration, he must do so in a separate action after he has exhausted his administrative remedies.

The Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's February 11, 2009 Order. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th

Cir. 1993) (citations omitted).

**II.  Conclusion and Order**

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 20].

**IT IS SO ORDERED.**

DATED:  March 16, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge