UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075<br>            Plaintiff,<br>v.<br><br>O. RUFION; MOONGA, R.N.,<br><br>            Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER: (1) GRANTING REQUEST FOR LEAVE TO TAKE DEPOSITIONS AND (2) ORDERING SERVICE OF RECORDS SUBPOENA**<br>**[Doc. Nos. 38 and 39.]** |

**I.**

**INTRODUCTION**

On January 27, 2010, Plaintiff filed: (1) a motion for leave to take the depositions of G. Moonga and O. Rufion [Doc. No. 38]; and (2) a motion for an order directing service of a records subpoena on Daniel F. Muff-DDS M.D. [Doc. No. 39].

Defendants have failed to file any opposition or objection to the motions. The Court has considered Plaintiff's motion and accompanying documentation. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion request for depositions and **GRANTS** the motion directing service of subpoena.

**II.**

**DISCUSSION**

**A. Deposition Request**

A party who wants to depose a person must give reasonable written notice to every other party. The notice must state the date and time of the deposition and, if known, the deponent's name and address. *Fed. R. Civ. P. 30(b)(1)*. Unless the court orders otherwise, deposition testimony may be recorded by audio,

audiovisual, or stenographic means. The noticing party bears the recording costs. *Fed. R. Civ. P. 30(b)(3)(A)*. Additionally, unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. *Fed. R. Civ. P. 30(b)(5)(A)*. The officer must be (1) authorized to administer oaths either by federal law or by the law in the place of examination, or (2) a person appointed by the court where the action is pending to administer oaths and take testimony. *Fed. R. Civ. P. 28(a)(1)*. The officer must meet certain qualifications. A person who is an attorney for any of the parties may not administer the oath. *Fed. R. Civ. P. 28(a)(c)*.

Defendants' testimony regarding the incident is likely to lead to the discovery of admissible evidence in Plaintiff's case. Accordingly, Plaintiff should be given the opportunity to depose Defendants. Because Plaintiff is a prisoner, the cooperation of prison officials and the Deputy Attorney General is required. Accordingly, Plaintiff is **GRANTED** leave to depose G. Moonga and O. Rufion in compliance with the Federal Rules of Civil Procedure. Plaintiff is reminded that a party who wants to depose a person must give reasonable written notice to every other party. *Fed. R. Civ. P. 30(b)(1)*.

**B.  Subpoena Request**

Plaintiff is proceeding *pro se* and *in forma pauperis* withe a Complaint brought pursuant to 42 U.S.C. section 1983. He requests the issuance of one civil subpoena for his medical records and x-rays. As plaintiff is seeking his own medical records, no privacy interest should be implicated. The Court finds Plaintiff's request reasonable and **GRANTS** Plaintiff's motion.

**III.**

**CONCLUSION AND ORDER THEREON**

For the reasons articulated above, the Plaintiff's motions are **GRANTED**. Accordingly, the Court **ORDERS** as follows:

1. The Clerk of Court shall forward to Plaintiff a subpoena duces tecum form, U.S. Marshal 285 form, and a copy of this Order.

2. Upon receipt of a properly completed U.S. Marshal 285 form and accompanying subpoena, the U.S. Marshal is directed to promptly effect service of the Plaintiff's subpoena duces tecum.

3. Plaintiff is advised that any fees required for service of subpoenas for documents on non-parties pursuant to Rule 45 are not waived based on Plaintiff's *in forma pauperis* status. *See Tedder v.*

*Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). Plaintiff is responsible for paying all costs associated with the subpoenas and depositions.

**IT IS SO ORDERED.**

DATED: May 10, 2010

_____

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court