UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075 | ) | Civil No. 08-1233 BTM (WMc) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING IN PART** |
| | ) | **DEFENDANTS'  MOTION FOR** |
| O. RUFION; MOONGA, R.N., | ) | **RECONSIDERATION** |
| | ) | **[Doc. No. 60]** |
| Defendants. | ) | |
| | ) | |

## I.  INTRODUCTION

This case comes before the Court on Defendants' motion for reconsideration of this Court's May 10, 2010 order allowing Plaintiff: (1) leave to depose Defendants G. Moonga, R.N. and O. Rufino, L.V.N., and (2) leave to serve a subpoena for medical records. [Doc. Nos. 54, 60.]  After consideration of the declaration and objections filed by Defendants, the motion is **GRANTED IN PART.**

## II.  STANDARD OF REVIEW

Generally, under the "law of the case" doctrine, a court is precluded from reconsidering an issue which has already been decided by the same court.  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).   However, motions for reconsideration may, under the discretion of the court, be heard in circumstances where there has been a change in the controlling law or facts.  *Id.*, *Midgard Tempering, Inc. v. Seals Corp. of America*, 902 F.3d 703, 715 (9th Cir. 1990).  In the absence of such a circumstance, a court lacks discretion to stray from the "law of the case" doctrine.  *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.1993)).  Motions for reconsideration are not to be used to simply "rehash"

arguments and facts previously considered by the court in making its ruling.  *See Costello v. U.S. Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Correspondingly, in the absence of such "new or different facts," the "law of the case" doctrine will preclude reconsideration of a court's decision.  *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)); *see also School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc*. 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.")

Here, the Court was unaware of the Defendants' opposition to the Plaintiff's discovery motion and did not consider the objections filed.  Accordingly, after reviewing the Declaration of Stephen C. Pass in support of the Motion for Reconsideration [Doc. No. 60] and the Objections to Plaintiff's motion [Doc. No. 41], the Court issues the following orders.

**A.  Deposition Request**

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  *Fed. R. Civ. P. 26(b)(2)(C)(iii)*.  The court may also limit discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *Fed. R. Civ. P. 26(b)(2)(C)(I)*.

With respect to the Court's order allowing Plaintiff to conduct a deposition by written questions, Defendants request a requirement that Plaintiff: (1) retain a court reporter or other person sanctioned to take depositions pursuant to Federal Rule of Civil Procedure 28(a); and (2) conduct the deposition in accordance with Federal Rule of Civil Procedure 31.  (Defs. Objection at 3:12-16.)  Defendants' requests are **GRANTED.**  As noted in the Court's May 10, 2010 order, all appropriate procedures, including proper notice required by Rule 30 and Rule 31 are in effect in this case and must be followed regardless of Plaintiff's *pro se* status.

1    **IT IS FURTHER ORDERED** for purposes of clarification that the Court's May 10, 2010 order

2    did not grant Plaintiff leave to depose Dr. J. Akanno and such leave would not be allowed under Rule 30

3    and Rule 31 of the Federal Rules of Civil Procedure if Dr. Akanno is not yet a party to the case.

4    **B.  Subpoena Request**

5    Defendants' request for reconsideration of the Court's ruling permitting service of a records

6    subpoena on Dr. Daniel D. Muff is **DENIED.**  Defendants object to service of the subpoena arguing Dr.

7    Muff appears from the proposed subpoena to be a dentist, while the above-entitled case involves a

8    thumb injury.  (Defs. Objection at 2:1-2.)   Depending on Dr. Muff's interaction with Plaintiff, his office

9    may have medical information that is likely to lead to admissible evidence.   In addition, as indicated by

10   the Court's earlier order, because Plaintiff is seeking his own medical records, no privacy interest should

11   be implicated by service of a subpoena on Dr. Daniel D. Muff.  If for some reason, Dr. Muff has been

12   identified incorrectly by Plaintiff and has no medical records, the doctor's response to the subpoena will

13   so indicate.

14                                   **III.**

15                        **CONCLUSION AND ORDER THEREON**

16   Defendants' Motion for Reconsideration is **GRANTED IN PART.**  Accordingly, the Court

17   orders Plaintiff: (1) to retain a court reporter or other person sanctioned to take any depositions pursuant

18   to Federal Rule of Civil Procedure 28(a); and (2) to conduct any deposition in accordance with Federal

19   Rule of Civil Procedure 31.  Defendants' objection to Plaintiff's subpoena request is **DENIED.**

20        **IT IS SO ORDERED.**

21   DATED: May 20, 2010

22                                   _____

23

24                                   Hon. William McCurine, Jr.
                                     U.S. Magistrate Judge, U.S. District Court

25

26

27

28

08-1233 BTM (WMc)