UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **GERALD L. MILLER, JR.,** **CDCR #C-92075,**<br><br>                                     **Plaintiff,**<br><br>vs.<br><br>**O. RUFION,** *et al.*,<br><br>                                     **Defendants.** | Civil No.   08cv01233-BTM(WMC)<br><br>**ORDER:**<br><br>**(1) SETTING BRIEFING SCHEDULE RE MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(2) PROVIDING PLAINTIFF <u>KLINGELE/RAND</u> NOTICE** |

Plaintiff Gerald L. Miller, Jr. ("Miller"), a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging denial of medical treatment in violation of his Eighth Amendment rights and retaliation, sues three prison medical staff members in their official and individual capacities.  Only two of the defendants named in Miller's Second Amended Complaint, O. Rufion and RN Moonga, have appeared in the action.  Service was ordered on the third named defendant, J. Akanno, on May 11, 2010.  (Dkt No. 58.)

On May 27, 2010, defendants Rufion and Moonga filed a Motion For Summary Judgment pursuant to Fed. R. Civ. P. ("Rule") 56.  (Dkt No. 65.)  As required by <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998) (*en banc*) and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), **the Court hereby notifies Miller that Defendants seek through their Motion to have this case dismissed.**[1]  **If the**

---

[1] <u>Klingele</u> and <u>Rand</u> together require the district court "as a bare minimum," to ensure that a *pro se* prisoner has "fair notice of the requirements of the summary judgment rule."  <u>Klingele</u>, 849 F.2d at 411 (quotations omitted). "It would not be realistic to impute to a prison inmate ... an instinctual awareness that the purpose of a motion for

**Motion is granted, it will end the case.**  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of the case -- and the party who asked for summary judgment is entitled to judgment as a matter of law.  A grant of summary judgment ends the case in favor of the successful moving party.

Rule 56 informs parties what they must do in order to oppose a Motion for Summary Judgment. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment may be entered against you.  **If the Court grants summary judgment for Defendant, there will be no trial, and your case will be dismissed**.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.  Miller may serve and File an Opposition to Defendants' Motion For Summary Judgment no later than ***July 19, 2010***.

2.  Defendants may serve and file a Reply to the Opposition no later than ***August 2, 2010***.

3.  Absent further Order of the Court, the Motion will be considered fully briefed on the passage of Defendants' Reply deadline and will be decided thereafter on the papers, without oral argument.

**IT IS SO ORDERED.**

DATED: June 7, 2010

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge

---

summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial."  Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4, 1365 n.8 (9th Cir. 1986) (internal quotation omitted).  Judicial explanation of this process is required. Rand, 113 F.3d at 1523, *citing* Klingele, 849 F.2d at 411-12.  The district court must ensure the prisoner knows "about his 'right to file counter-affidavits or other responsive materials and [to] alert[] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him.' "  Jacobsen, 790 F.2d at 1365 n.8, *quoting* Klingele, 849 F.2d at 411.