UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD L. MILLER, JR. <br> CDCR #C-92075 <br> Plaintiff, <br> v. <br> O. RUFION; MOONGA, R.N., <br> Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil No. 08-1233 BTM (WMc) <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br> **[Doc. No. 68.]** |

**I.**

**INTRODUCTION**

Plaintiff is proceeding *pro se* and *in forma pauperis* with a Complaint brought pursuant to 42 U.S.C. section 1983.  In his Second Amended civil rights complaint, Plaintiff alleges deliberate medical indifference under the Eighth Amendment. [Doc. No. 37.]  On June 9, 2010, Plaintiff filed a motion seeking appointment of counsel in the above-entitled matter. [Doc. No. 68.]  He argues the case is complex because it involves medical issues and asserts he needs counsel because he has only a high school education with no legal training and limited access to the law library. [Doc. No. 68, Miller Affidavit at 4.]

**II.**

**DISCUSSION**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d).  However, such a request may only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  A determina-

tion of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither the need for discovery, nor the fact the *pro se* litigant would be better served with the assistance of counsel require a finding of exceptional circumstances. *Id.* Both of the exceptional circumstances factors must be considered together before reaching a decision. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn,* 789 F.2d at 1331.

After careful consideration of the pleadings in this case, the Court finds the issues involved are not particularly complex and plaintiff has thus far been able to adequately present his claims. In fact, Plaintiff has been able to successfully amend his complaint twice and file motions seeking discovery. These factors, combined with an assessment of Eighth Amendment jurisprudence which recognizes "not ... every malevolent touch by a prison guard gives rise to a federal cause of action" as well as the understanding that mere negligence in treating a medical condition, without more, does not constitute deliberate indifference under the Eighth Amendment, lead the Court to find exceptional circumstances do not exist at this time to warrant appointment of counsel. *See Hudson v. McMillan*, 502 U.S. 1, 9 (1992) (citing *Johnson v. Glick*, 481 F.2d, 1028, 1033 (2nd Cir. 1973))("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Accordingly, Plaintiff's motion for appointment of counsel is **DENIED without prejudice.**

### III.
### CONCLUSION AND ORDER THEREON

For the reasons articulated above, the Plaintiff's motion for appointment of counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATED: June 14, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court