UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075 | ) ) | Civil No. 08-1233 BTM (WMc) |
| Plaintiff, | ) ) | **ORDER DENYING: (1) PLAINTIFF'S MOTION FOR ADDITIONAL COSTS AND FEES; AND (2) PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**[Doc. Nos. 69 and 70]** |
| v. | ) ) ) | |
| O. RUFION; MOONGA, R.N., | ) ) | |
| Defendants. | ) ) | |

## I. INTRODUCTION

This case comes before the Court on Plaintiff's motions: (1) for additional court fees and costs and (2) for reconsideration of this Court's May 21, 2010 order [Doc. No. 63.] After consideration of Plaintiff's motions and exhibits thereto, the motions are **DENIED.**

## II. STANDARD OF REVIEW

Generally, under the "law of the case" doctrine, a court is precluded from reconsidering an issue which has already been decided by the same court. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). However, motions for reconsideration may, under the discretion of the court, be heard in circumstances where there has been a change in the controlling law or facts. *Id.*, *Midgard Tempering, Inc. v. Seals Corp. of America*, 902 F.3d 703, 715 (9th Cir. 1990). In the absence of such a circumstance, a court lacks discretion to stray from the "law of the case" doctrine. *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.1993)). Motions for reconsideration are not to be used to simply "rehash" arguments and facts previously considered by the court in making its ruling. *See Costello v. U.S. Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

1  Correspondingly, in the absence of such "new or different facts," the "law of the case" doctrine will preclude reconsideration of a court's decision. *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)); *see also School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc*. 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.")

Plaintiff asks the Court to reconsider its ruling requiring him to (1) retain a court reporter or other person sanctioned to take depositions pursuant to Federal Rule of Civil Procedure 28(a); and (2) conduct the deposition in accordance with Federal Rule of Civil Procedure 31.  Plaintiff does not base his request for reconsideration on new facts or new law as is required, but instead argues his *in forma pauperis* status entitles him to a court reporter free of charge.  [Doc. No. 70 at 2:1-10.]  The *in forma pauperis* statute does not authorize the expenditure of public funds for a court-appointed deposition reporter to take depositions.  See 28.USC. § 1915; *Wright v. United States,* 948 F.Supp. 61, 61-62 (M.D. Fla. 1996)(parties proceeding *in forma pauperis* are responsible for payment of discovery costs, including the costs of depositions, fees for court reporters and transcripts); *Papas v. Hanlon*, 849 F.2d 702 703-04 (1st Cir. 1988)( affirming an order requiring litigants proceeding *in forma pauperis* to pay stenographer's fees); *Barcelo v. Brown*, 655 F.2d 458, 462 (1st Cir. 1981)(*in forma pauperis* statute does not authorize a district court to order payment of transcripts).  Plaintiff's motion for reconsideration is **DENIED.**  In addition, as the fees and costs covered by the *in forma pauperis* statute do not include court reporter fees or costs, Plaintiff's motion for additional fees and costs is also **DENIED.**

### III.
### CONCLUSION AND ORDER THEREON

For the foregoing reasons, Plaintiff's Motion for Additional Fees is **DENIED** and Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 14, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court