UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| **GERALD L. MILLER, JR., CDCR #C-92075,** | | Civil No.   08cv01233-BTM(WMC) |
| | **Plaintiff,** | **ORDER DENYING MOTION TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND EXTENDING DEADLINES FOR OPPOSITION AND REPLY** |
| vs. | | |
| **O. RUFION,** *et al.*, | | |
| | **Defendants.** | **(Dkt No. 71)** |

Plaintiff Gerald L. Miller, Jr. ("Miller"), a state prisoner proceeding *pro se* and *in forma pauperis* with a Second Amended Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983, alleging denial of medical treatment in violation of his Eighth Amendment rights and retaliation, sues three prison medical staff members in their official and individual capacities. On May 27, 2010, defendants Rufion and Moonga filed a Motion For Summary Judgment pursuant to Fed. R. Civ. P. ("Rule") 56. (Dkt No. 65.) By Order entered June 7, 2010, the Court set a briefing schedule and provided Miller with the notice required under Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (*en banc*) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) of the effect on his case should the Court grant Defendants' Motion, advising him what he must do to effectively oppose the motion. (Dkt No. 67.)   Miller's Opposition is currently due to be served and filed no later than July 19, 2010, and Defendants' Reply

no later than August 2, 2010. Miller now moves to stay the summary judgment motion, contending he needs additional time to complete certain discovery.

The case management Scheduling Order in this matter, entered September 8, 2009 while the operative pleading remained Miller's September 26, 2008 First Amended Complaint, set a discovery completion deadline of March 26, 2010. (Dkt No. 27.) In response to Miller's November 20, 2009 Ex Parte Motion For Subpoenas (Dkt No. 32), by Order entered December 2, 2009, the Court instructed, among other things, that the Clerk of Court in the Eastern District of California issue the subpoena duces tecum he requested and informed Miller he "is responsible for serving the subpoena, coordinating the production of the documents, and paying any copying costs that might apply." (Dkt No. 33.) The docket reflects the subpoena issued in blank was promptly served on Miller by mail in response to that Order. This Court granted Miller's Motion for leave to file a Second Amended Complaint by Order entered December 15, 2009 (Dkt No. 36), and the Second Amended Complaint was filed the same day (Dkt No. 37). In the body of that Order, the Court directed:

> In the Plaintiff's Motion he indicates that he is seeking to add Defendant J. Akanno to this action. Therefore, the Clerk of Court is directed to add this Defendant to the docket and issue the appropriate summons, along with the necessary documents, to allow the U.S. Marshal service to effect service of Plaintiff's Second Amended Complaint on Defendant Akanno.

(Dkt No. 36, 2:1-4.)

Extracting activity from the extensive docket in this case pertinent to the issues addressed here, defendants Moonga and Rufion timely answered the Second Amended Complaint on January 28, 2010. (Dkt No. 40.) By Order entered May 10, 2010, the Magistrate Judge assigned to this case granted Miller's January 27, 2010 motions requesting leave to take the depositions of defendants Moonga and Rufion (Dkt No. 38), and for an Order directing service by the U.S. Marshal of a records subpoena on a third-party doctor for Miller to obtain his own medical records and x-rays (Dkt No. 39), although the Order also informed him "Plaintiff is responsible for paying all costs associated with the subpoenas and depositions." (Dkt No. 54). Defendants moved for reconsideration of that Order on May 13, 2010 on grounds, among others, they had timely filed Objections to Miller's January 27, 2010 Motions which were not considered by the court. (Dkt Nos. 60, 61.) By Order entered May 21, 2010, the court granted

the reconsideration motion in part, rescinding the portion of its prior Order allowing Plaintiff to conduct the depositions by written questions, imposing instead the requested relief that:  "Plaintiff: (1) retain a court reporter or other person sanctioned to take depositions pursuant to Federal Rule of Civil Procedure 28(a); and (2) conduct the deposition in accordance with Federal Rule of Civil Procedure 31."  (Dkt No. 63.)  Miller's Objection to the Motion For Reconsideration was filed June 1, 2010, after the Order had issued.  (Dkt No. 66.)

Defendants filed their Motion For Summary Judgment on May 27, 2010.  (Dkt No. 65.)  The Court issued the briefing schedule and Klingele / Rand notice on June 7, 2010.  (Dkt No. 67.)  On June 9, 2010, Miller filed three motions:  a Motion For Appointment of Counsel; a Motion For Additional Fees And Costs And Appointment Of A Certified Shorthand Reporter associated with the discovery he had made known months before he intended to conduct; and a Motion For Reconsideration of the Magistrate Judge's Order Granting In Part Defendants' Motion For Reconsideration, seeking to shift the burden for the scheduling and costs of the authorized depositions to the Defendants or the court in reliance on his *in forma pauperis* status.  (Dkt Nos. 68, 69, 70.)  By Orders entered June 14, 2010, the Magistrate Judge denied Miller's Motion For Appointment Of Counsel (Dkt No. 72), his Motion for discovery costs, and his Motion For Reconsideration (Dkt No. 73.)

Miller moved on June 11, 2010 to stay Defendants' Motion For Summary Judgment Pending Discovery And Deposition Of Defendants, the subject matter of this Order.  (Dkt No. 71.)  He requested the stay pending resolution of his motion to be provided the costs for the depositions and resolution of his motion for appointment of counsel.  (Dkt No. 71, 2:4-7.)  Those motions have been resolved by the Magistrate Judge's June 14, 2010 Orders denying all that relief, mooting that basis for a stay.  He further requests the indefinite stay until "the court order[s] service of duces tecum subpoenas by U.S. Marshal and allow[s] the plaintiff to receive this discovery so it may be used in his opposition to the defendants motion for Summary Judgment."  (Dkt No. 71, 2:9-11.)  However, Miller's request that a records subpoena issue was already granted by Order entered May 10, 2010, more than one month ago (Dkt No. 54), and he is responsible for conducting his own discovery.  His Opposition to the summary judgment motion is not due under the current briefing schedule until more than one month from now, raising no

undue concern he has had too little time to complete the discovery he contends he needs to oppose the motion.

Finally, Miller requests as a fourth ground in support of a stay that "the Court set a time frame which would allow defendant J. AKANNO to be served with a Summons and Complaint." (Dkt No. 71, 2:12-14.) Through some oversight, service of the Second Amended Complaint appears not to have been timely effectuated on defendant Akanno, despite this Court's December 2009 Order he be served, and Akanno has not appeared in the action. Nevertheless, the Eastern District issued a follow-up Order on May 11, 2010, more than one month ago, again directing the U.S. Marshal to serve Akanno with the amended complaint. (Dkt No. 58.) Accordingly, that portion of Miller's stay request is also moot.

Defendants filed an Opposition to the stay motion on June 15, 2010. (Dkt No. 74.) In addition to noting the two bases for Miller's motion associated with awaiting rulings on his motions pending before the Magistrate Judge are moot because Orders have issued deciding those motions, Defendants argue the other two bases are meritless. First, they note discovery closed March 26, 2010, and Miller advances no legal or factual basis for an extension of discovery deadlines. (Id. 2:2-7.) They inform the Court that on November 16, 2009, they served responses to interrogatories Miller had propounded to defendants Moonga and Rufino,[1] and he does not identify what additional information he seeks or how it will assist in opposing summary judgment nor the reason he was unable to obtain the discovery sooner. (Id. 2:3-4, 9-10.) They correctly observe, with citations to authority, parties proceeding *in forma pauperis* remain responsible for conducting and paying for their own discovery. Finally, Defendants argue service of the Second Amended Complaint on Dr. Akanno is not relevant to the summary judgment motion because Miller's sole cause of action against defendants Rufino and Moonga is deliberate indifference to a serious medical need on October 16, 2007 and October 23, 2007, respectively, at times before Dr. Akanno became involved in Miller's medical care, so that he is unlikely to have any evidence that would assist Miller in opposing their motion for summary judgment.

\\

---

[1] The Court notes the caption in this matter identifies defendant "Rufion," whereas Defendants consistently spell the name "Rufino" in their MSJ and in their Opposition to Miller's Motion To Stay.

This case was initiated on August 15, 2008, and will have been pending for nearly two years by the time Defendants' currently-scheduled Reply deadline passes on August 2, 2010. The Court finds all four grounds Miller advances in support of his Motion For Stay have been resolved by Orders previously entered, and none warrants staying the resolution of Defendants' Motion For Summary Judgment for some indefinite period. Miller was made aware of his discovery obligations long ago and has had ample time to obtain the unspecified discovery he claims he needs to oppose the Motion. Nevertheless, the Court will extend the briefing schedule by approximately thirty days in consideration of Miller's *pro se* and incarceration status.

For all the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Miller's Motion To Stay Defendants' Motion For Summary Judgment is **DENIED**.
2. Miller's Opposition deadline is extended from July 19, 2010 to *August 16, 2010*.
3. Defendants' Reply deadline is extended from August 2, 2010 to *September 3, 2010*.
4. No further extensions of time associated with Defendants' Motion For Summary Judgment will be granted absent a showing of extraordinary good cause.

**IT IS SO ORDERED.**

DATED: June 21, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge