UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075<br>                Plaintiff,<br>v.<br><br>O. RUFION; MOONGA, R.N.,<br><br>                Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br>**[Doc. No. 98]** |

## I. INTRODUCTION

This case comes before the Court on Plaintiff's motion to compel discovery. [Doc. No. 98.] After consideration of Plaintiff's motion to compel and exhibits thereto, the motion is **DENIED** as discussed herein.

## II. STANDARD OF REVIEW

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (*quoting Oakes v. Halvorson Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)). Federal Rule of Civil Procedure 26(b) permits production of unprivileged documents relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.") Courts have interpreted this language very broadly to encourage discovery and settlement of disputes. *Shoen v. Shoen*, 5 F.3d 1289 (C.A.9 1993); *See Geophysical Systems Corp. V. Raytheon Co., Inc.*, 117 F.R.D. 646, (C.D.Cal 1987). The party opposing discovery has the burden of showing why discovery should not be allowed and must clarify, explain and support its objections.

*Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375 (2009), *citing Blsankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. Of Am.*, 233 F.R.D. 573, 575 (C.D.Cal. 2005).

## III.

## DISCUSSION

### A. Responses to Requests for Production, Requests for Admissions and Interrogatories

Plaintiff seeks an order compelling Defendants to respond to Requests for Production, Requests for Admissions and Interrogatories**.** At issue is whether Defendants' objection to Plaintiff's discovery requests, which were served within 30 days of the discovery deadline, should be sustained. In this case, the Court set a discovery deadline of October 6, 2010. On or about September 14, 2010, Defendants were served discovery requests by Plaintiff. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), the party to whom a discovery request is directed must respond in writing within 30 days after being served. The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial. *Whittaker Corp v. Execuair Corp.* 736 F.2d 1341, 1347 (9th Cir. 1984). Therefore, discovery requests must be served *at least* 30 days prior to the discovery deadline. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (*See also*, *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104. 105 (S.D. Miss. 1990)). Because Plaintiff's discovery requests were not served 30 days before the discovery deadline, Defendants' objections to the late-served discovery are **SUSTAINED** and Plaintiff's motion to compel responses is **DENIED.**

### B. Deposition Transcript

In his motion, Plaintiff asks the Court to compel Defendants to provide him with a copy of his deposition transcript free of charge. Defendants argue Plaintiff is not entitled to a copy of the deposition without paying the fee for the transcript. The Court agrees. There is no requirement per statute or under the Federal Rules which requires Defendants to provide plaintiff with a complimentary copy of his deposition transcript. If plaintiff seeks a copy of the deposition transcript for his use in this litigation, he is required to pay a fee to receive a copy. *See* Fed. R.Civ.P.(f)(3) ("When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or deponent.") Accordingly, Plaintiff's request for a *gratis* copy of his deposition transcript is **DENIED.**

## IV.

## **CONCLUSION AND ORDER THEREON**

For the foregoing reasons, Defendants' objections are **SUSTAINED** and Plaintiff's Motion to Compel is **DENIED.**

**IT IS SO ORDERED.**

DATED:   October 18, 2010

_____

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

3

08-1233 BTM (WMc)