UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **GERALD L. MILLER, JR.,<br>CDCR #C-92075,**<br><br>                              **Plaintiff,**<br><br>vs.<br><br>**O. RUFION,** *et al.*,<br><br>                              **Defendants.** | Civil No.    08cv01233-BTM(WMC)<br><br>**ORDER:**<br><br>**(1)  SETTING BRIEFING SCHEDULE<br>RE MOTION FOR SUMMARY<br>JUDGMENT; and**<br><br>**(2)  PROVIDING PLAINTIFF<br><u>KLINGELE</u>/<u>RAND</u> NOTICE** |

Plaintiff Gerald L. Miller, Jr. ("Miller"), a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging denial of medical treatment in violation of his Eighth Amendment rights and retaliation, sues three prison medical staff members in their official and individual capacities.  The Motion For Summary Judgment previously filed by two of the defendants remains under submission with the Court.  The third defendant, Dr. J. Akanno, was belatedly served in this action, and has now filed a separate Motion For Summary Judgment on his own behalf.  (Dkt No. 101.)

As required by <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998) (*en banc*) and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), **the Court hereby reiterates its notice to Miller that Defendants seek through their Motions to have this case dismissed.  If the Motions are granted, his case will end.**  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of the case --

and the party who asked for summary judgment is entitled to judgment as a matter of law. A grant of summary judgment ends the case in favor of the successful moving party.

Rule 56 of the Federal Rules of Civil Procedure informs parties what they must do in order to oppose a Motion for Summary Judgment. When a party you are suing makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. **If the Court grants summary judgment for Defendants, there will be no trial, and your case will be dismissed**.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.  Miller may serve and File an Opposition to Defendant Akanno's Motion For Summary Judgment no later than *November 29, 2010*.

2.  Defendants may serve and file a Reply to the Opposition no later than *December 13, 2010*.

3.  Absent further Order of the Court, the Motion will be considered fully briefed on the passage of Defendants' Reply deadline and will be decided thereafter on the papers, without oral argument.

**IT IS SO ORDERED.**

DATED: October 27, 2010

Honorable Barry Ted Moskowitz
United States District Judge