# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| GERALD LEE MILLER, JR.,<br><br>        Plaintiff,<br>v.<br>O. RUFINO, et al.,<br><br>        Defendants. | Case No. 08cv1233 BTM(WMC)<br><br>**ORDER CONTINUING PRETRIAL CONFERENCE AND RELATED DATES** |

In light of the pending motion for summary judgment, the Court continues the pretrial conference and related dates as follows.

- Counsel shall comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **May 31, 2011**.

- Objections to pretrial disclosures shall be filed no later than **June 7, 2011**.

- The proposed final pretrial conference order shall be lodged by **June 14, 2011**. The form of the proposed pretrial conference order is set forth below.  *The proposed pretrial conference order shall be lodged in lieu of the pretrial statement that is usually required by E.D.L.R. 281.*

- The final pretrial conference currently set for January 18, 2011 is **VACATED** and **RESET** for **June 21, 2011  at 3:30 p.m.**

All non-conflicting provisions in the Court's prior scheduling orders remain in full force and

effect.

With respect to the form of the pretrial order, the following requirements replace the pretrial statement requirements under E.D.L.R. 281.  No Memoranda of Law or Contentions of Fact are to be filed except in a bench trial.

The parties shall meet and confer and prepare a proposed pretrial order containing the following:

1.   A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

2.   A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable].  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

3(a).   A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b).   A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

3(c).   A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a).   A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

4(b).   A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5.   A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.  The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

6.   A list of all deposition transcripts by page and line, or videotape depositions by

section, that will be offered at trial.

7. In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or Wordperfect form to Chambers. If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

**IT IS SO ORDERED.**

DATED:  December 23, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge