# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerald Lee Miller, Jr., <br><br> Plaintiff, <br> vs. <br> O. Rufion et al., <br><br> Defendant. | CASE NO. 08cv1233 BTM (WMc) <br><br> ORDER RE: REQUEST FOR TEN HOURS OF PRE-PAID PHONE CALLS [Doc. No. 117] |

## I.

## INTRODUCTION

On December 28, 2010, Gerald Lee Miller, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis* and currently incarcerated at Calipatria Correctional Facility, filed a request seeking from this Court "10 hours of pre-paid phone call's [sic] to find and locate witnesses he intent [sic] to use at trial." (Doc. No. 117 at p. 1.)

## II.

## DISCUSSION AND ORDER THEREON

**A. Prepaid Phone Calls**

In the request, Plaintiff contends he "has been isolated from the telephone and other line's [sic] of communication such as letter's [sic] which prevent him from making an adequate representation of his deliberate indifference claim's [sic] over his medical treatment at Delano State Prison." (Doc. No. 117 at p. 1.) Further, Plaintiff contends the hours would be used to contact a

"physician who treated the Plaintiff's [sic] and other's [sic] who would qualify to be an expert in [Plaintiff's deliberate indifference claim]." (Doc. No. 117 at p. 2.)

A necessary corollary of a defendant's Sixth Amendment right to proceed *pro se* is the right to have reasonable access to the resources necessary to prepare for his defense. *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985). Further, the Ninth Circuit has held prisoners have a "First Amendment right to telephone access, subject to reasonable security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1998) (citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).

The Constitution, however, "does not demand that any means of [trial] preparation selected by the inmate be made available . . ." *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007), *vacated by Hust v. Phillips*, __ U.S. __, 129 S. Ct. 1036 (2009). Rather, prisons must provide inmates with resources that meet "minimum constitutional standards" sufficient to provide "meaningful, though perhaps not ideal" access to the courts. *Phillips v. Hust*, 588 F.3d 652, 656 (9th Cir. 2009) (internal quotation marks and citation omitted); *see, e.g.*, *Lindquist v. Idaho State Bd. Corr.*, 776 F.2d 851, 856 (9th Cir. 1985) (holding inmates have no right to a typewriter to prepare legal documents where court rules permit *pro se* litigants to hand-write their pleadings).

Here, Plaintiff provides insufficient information for the Court to determine whether prison officials have unconstitutionally limited Plaintiff's ability to find and locate witnesses he intends to call at trial. First, the Court notes Plaintiff asks for "pre-paid" phone calls. It is unclear how the Court may grant Plaintiff's request because the Court finds no authority allowing it to provide a state inmate financial resources for pre-paid phone calls.

Second, Plaintiff fails to provide any information regarding the extent of his alleged "isolat[ion] from the telephone and other line's [sic] of communication such as letter's [sic] . . ." (Doc. No. 117 at p. 1.) As mentioned previously, a prisoner's First Amendment right to telephone access is subject to reasonable security limitations. *See Keenan*, *supra*. Plaintiff provides no information concerning (a) the circumstances under which his telephone access has been limited and (b) the extent to which his telephone access has been limited. Similarly, Plaintiff fails to provide the Court any evidence showing other forms of communication, *e.g.*, U.S. Mail, are unavailable to him.

**B. Conclusion**

Based on the foregoing, Plaintiff's request for ten hours of pre-paid phone calls is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATED: January 6, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court