UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075<br>　　　　　Plaintiff,<br>v.<br>O. RUFION; MOONGA, R.N.,<br>　　　　　Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF**<br><br>**[Doc. No. 108]** |

## I. INTRODUCTION

This case comes before the Court on Plaintiff's motion for declaratory relief. [Doc. No. 108.] In his motion, Plaintiff claims Defendants and their attorney, Catherine Woodbridge, have taken his personal property as a result of a prison transfer from Delano to Calipatria and requests a return of the property. [Doc. No. 108 at p. 5 of 19.] Plaintiff further contends Calipatria State Prison has destroyed his personal property and placed him in administrative segregation based on "bogus rule violations". [*Id*.]

Defendants, the three health care providers against whom this action was originally asserted[1], oppose Plaintiff's motion on the grounds that: (1) neither they, nor their attorney has had access to Plaintiff's personal effects; and (2) the California Department of Corrections and Rehabilitation is not a party to the instant action, which leaves the Court without jurisdiction to consider Plaintiff's request for declaratory relief. After consideration of Plaintiff's motion and exhibits thereto, as well as Defendants' opposition, the motion for declaratory relief is **DENIED** as discussed herein.

---

[1] On March 15, 2011, District Judge Barry T. Moskowitz issued an order granting Defendant Moonga's motion for summary judgment. [Doc. No. 122.] On March 17, 201,1 District Judge Barry T. Moskowitz issued an order granting Defendant Akanno's motion for summary judgment. [Doc. No. 123.]

## II.  STANDARD OF REVIEW AND DISCUSSION

The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir.1983).  Furthermore, a party seeking declaratory relief must show an actual controversy and satisfy all jurisdictional requirements. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir.1998). Here, Calipatria State Prison and the California Department of Corrections and Rehabilitation are not parties to the instant action.  Only Defendant O. Rufino, a licensed vocational nurse, remains a party to this action.  Therefore, Plaintiff's request for declaratory relief against Calipatria State Prison and the California Department of Corrections and Rehabilitation must fail for lack of jurisdiction.  If Plaintiff has a concern regarding the transfer of his property from his former to his current institution, he must file an internal grievance with the prison where he now resides.

In addition, Plaintiff's claim for declaratory relief against Defendants for the return of personal property lost during Plaintiff's transfer between prisons must also fail.  Contrary to Plaintiff's assertions, there is no evidence Defendants or the attorney for Defendants have had access to Plaintiff's property or are in any way responsible for its safekeeping.  There is no basis upon which to grant the relief requested by Plaintiff.  Accordingly, the request for declaratory relief against Defendants is **DENIED**.  *See Government Employees Ins. Co.  v. Dizol,* 133 F.3d 1220, 1223 (9th Cir. 1998) ("The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."); *see also* Fed R. Civ. P 57 ( giving courts discretion to provide declaratory relief *"where it is appropriate*.") (Italics added.)

## III.

## CONCLUSION AND ORDER THEREON

For the foregoing reasons, Plaintiff's Motion for Declaratory Relief is **DENIED.**

**IT IS SO ORDERED.**

DATED:   March 22, 2011

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court