# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| **GERALD L. MILLER, JR.,**<br>**CDCR #C-92075,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**O. RUFION,** *et al.*,<br><br>　　　　　　　　　　**Defendants.** | Civil No.　08cv01233-BTM(WMC)<br><br>**ORDER RE OBJECTIONS TO**<br>**MAGISTRATE JUDGE'S DENIAL OF**<br>**MOTION TO COMPEL DISCOVERY**<br><br>**(Dkt Nos. 106, 120)** |

　　　Plaintiff Gerald L. Miller, Jr. ("Miller"), a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging denial of medical care for his broken thumb in violation of his Eighth Amendment rights, sued three prison medical staff members. By Order entered March 15, 2011, this Court denied summary judgment to defendant G. Moonga and granted summary judgment for defendant O. Rufino. (Dkt No. 122.) By Order entered March 17, 2011, the Court granted summary judgment for the only other named defendant, J. Akanno. (Dkt No. 123.) The case thus remains open only with respect to Miller's claim against defendant Moonga. It has come to the Court's attention Miller's Objections to an October 19, 2010 Order by Magistrate Judge McCurine denying his Motion To Compel Discovery (Dkt No. 100) inadvertently have not yet been addressed. (*See* Dkt Nos. 106, 120.)

　　　The procedural history, as pertinent here, shows the Court granted Miller leave to add defendant Akanno in a Second Amended Complaint, but service of the Summons and Complaint was considerably

delayed through no fault of Miller's.  (Dkt Nos. 36, 55, 58.)  On August 6, 2010, Judge McCurine issued an Order Following Status Conference and a Fourth Amended Scheduling Order finding, among other things, good cause to reopen discovery, but "***ONLY as to Defendant Akanno***."  (Dkt No. 87 (emphasis in original).)  That Order set an October 6, 2010 deadline for "Defendant Akanno [to] complete discovery" and a November 3, 2010 deadline for Akanno to file "[a]ny pretrial motion."  (Id.)  The Order did not state the reopening of discovery as to Defendant Akanno was reciprocal, but Miller reasonably so construed it,[1] and he thereafter propounded interrogatories, requests for admissions, and a document production request to Akanno.  On October 8, 2010, after receiving Akanno's discovery responses, Miller sought to compel production of documents and to obtain "a copy of his deposition transcripts dated September 23, 2010," relying for the latter request on FED. R. CIV. P. ("Rule") 30(e).  (Dkt No. 98, 1:19-28.) Akanno file an Opposition on October 12, 2010.  (Dkt No. 99.)  Miller filed a response to the Opposition on October 20, 2010 (Dkt No. 102), the day after Judge McCurine entered his Order denying the Motion To Compel (Dkt No. 100).

     A reviewing district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636.  On October 28, 2010, Miller timely filed Objections to Judge McCurine's Order.  (Dkt No. 106.)  On January 6, 2011, he followed up with a request for Judicial Notice Over His Objections To The Magistrate Order Denying Plaintiff's Motion To Compel Discovery, renewing his objections.  (Dkt No. 120.)  The Court now reaches the merits of his objections to the discovery Order.[2]

---

[1] "[F]or the same reason you ask[ed] the court to reopen discovery on this defendant I am entitled to discovery on him as well because I never had the chance either to conduct discovery because of the late service of the summons and complaint."  (Dkt No. 98, Exh. B, 14:18-26; *see* 3:4-28.)

[2] Miller argued in his Objections that defendants were using the documents in support of their motions for summary judgment, and he needed them for preparation of his oppositions.  (Dkt No. 106:5-14; Dkt No. 120, 5:5-14.)  However, defendants' summary judgment motions were decided based on constitutional grounds and standards unaffected by the content of any policies and procedures for inmate medical care Miller sought to discover through the document production request at issue here  (*see* Dkt Nos. 122, 123), and his sworn affidavits in support of his oppositions to those motions were sufficient to permit him to attempt to raise genuine issues of material fact for trial, so the Court finds the delay in addressing his discovery disputes has not prejudiced him.

### Document Production

Miller sought to compel production of "the complete copy [of] the health care standards" governing defendants' conduct. Although Miller did not attest that his Affidavit in support of his Motion To Compel was under penalty of perjury, he stated: "On August 6, 2010 in a phone conference with defendant[]'s attorney Ms. Guess the plaintiff request[ed] these documents and was under the impression that he would receive a written response to this request within a matter of days" and, "after the plaintiff did not hear about this request again he filed a request for production of documents." (Dkt No. 98, Affidavit ¶3, 3:16-21.) "On September 16, 2010 because of the short time frame give[n] [in the August 6, 2010 Order] I wrote to the defendant[']s counsel pointing out that I had not received any kind of response to my request for production of documents and admissions and interrogatories and that they were require[d] to respond by law." (Id. 3:23-28.) He stated the purpose of his letter was "to make sure you received this requested information befor[e] I filed my motion to compel." (Dkt No. 98, Exh. B.) He specified he had propounded interrogatories and requests for admissions on August 26, 2010, but he did not specify the date he served written requests for document production. (Id. 14:14-17.) Counsel responded to the September 16, 2010 correspondence, informing him his document request was untimely under Rule 34(b)(2)(A). Miller received Akanno's formal written response on September 28, 2010:

> **REQUEST NO. 1**: Provide the plaintiff with the complete copy [of] the health care standards this request [*sic*] is material to the fact that defendant Akanno provide[d] plaintiff with medical care over the phone without actually seeing the plaintiff.
>
> **RESPONSE TO REQUEST NO. 1**: Objection this request is untimely. Fed. R. Civ. P. 34(b)(2)(A); Order issued 8/6/10 Docket No. 87.

(Dkt No. 98, Motion To Compel, Exh. C, pp. 16-17; Dkt No. 98, 4:7-10.)

Rule 34 gives a responding party 30 days to respond after being served with a document production request. Judge McCurine's August 6, 2010 scheduling order instructed discovery had to "be *completed* by October 6, 2010." (Dkt No. 87, 2:4.) Miller does not dispute defendant's representation his first written request for document production was served about September 14, 2010. (Dkt No. 99, 2:5-6.) He represents he and defense counsel "met and confer[r]ed regarding [the document] discovery"

at his September 23, 2010 deposition, when counsel purportedly promised "she would see what she could do about giving me these documents." (Dkt No. 98, Affidavit, 4:1-5.) Defense counsel denied she ever orally agreed to provide Miller with any documents. (Dkt No. 99, 2:20-21.) As argued in Opposition to the Motion, the written request was served too late to oblige Akanno to produce the documents.[3] (Dkt No. 99, 2:6-9; Dkt No. 99, Exh. A, pp. 5-6.) Judge McCurine correctly sustained "Defendants' objections to the late-served discovery." (Dkt No. 100, 2:6-18.) Miller makes no showing either that the court authorized or that the parties mutually agreed to an extension of the October 6, 2010 discovery completion deadline. *See* Rule 34(b)(2)(a). Accordingly, Miller's objections to the denial of his Motion To Compel document production are **OVERRULED**.

### Deposition Transcript

In his Motion To Compel, Miller stated:

> The Plaintiff[] request[s] the court to compel the defendants to allow him to make correction and changes in any part of the deposition transcripts as required by Rule 30'e' Federal Rule of Civil Procedure. [¶] On September 23, 2010 the Plaintiff's deposition was taken which the Plaintiff request to correct and make change in any part of the transcript as require[d] by Rule 30(e). Plaintiff still has not been provide[d] this opportunity.

(Dkt No. 98, 5:24-6:5.)

Akanno opposed this request, on grounds:

> Plaintiff was advised at his September 23, 2010, deposition that if he wishes a copy of the transcript, he must pay for a copy. Plaintiff is not entitled to a free transcript. Plaintiff has failed to cite any authority which supports his motion to compel a free copy of the deposition transcript. Likewise, plaintiff fails to illustrate to the court his inability to pay for a copy.

(Dkt No. 99, 2:26-3:2.)

In denying the motion, Judge McCurine relied on Rule 30(f)(3) to support his agreement with

---

[3] Although Miller argues the response time under the federal rules is 20 days, not 30 days, so that his written document request was timely (Dkt No. 98, 4:12-15), he is mistaken. "The party to whom the request is directed must respond in writing within 30 days after being served. . . ." Rule 34(b)(2)(A).

defendants' argument that Miller "is not entitled to a copy of the deposition without paying the fee for the transcript." (Dkt No. 100, 2:20-26.) "There is no requirement per statute or under the Federal Rules which requires Defendants to provide plaintiff with a complimentary copy of his deposition transcript." (Id. 2:22-24.)  To the extent Miller was seeking a copy of his deposition transcript at defendants' expense to use for his own purposes, his objections to the denial of the request they be compelled to provide it to him without his paying the associated costs are **OVERRULED**.

However, while that result comports with Rule 30(f)(3) provisions, it is not clear to this Court that Miller's objective was obtain a "*gratis* copy of his deposition transcript." (Dkt No. 100, 2:27.) His Motion expressly relied on Rule 30(e), not Rule 30(f)(3), and he argued under that subdivision the defendants did not give him the opportunity to review and make changes to his deposition transcript. (Dkt No. 98, 5:24-6:5; Dkt No. 106, 13:24-14:5.)  Rule 30(e) provides, in pertinent part:

> (e) **Review by the Witness; Changes.  (1)** *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:  (A) to review the transcript or recording; and (b) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. *(2) Changes Indicated in the Officer's Certificate*. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Rule 30(e).

Although defendants Akanno and Rufino have had summary judgment entered in their favor, and the Miller deposition at issue occurred after Judge McCurine reopened discovery associated with Dr. Akanno only, it is not clear whether remaining defendant Moonga will rely on that deposition at trial.  All three defendants have been represented by the same counsel.  In addition, it is not possible to ascertain from Judge McCurine's Order or from Miller's Objections briefing whether the requirements of Rule 30(e) were satisfied, in particular, whether he properly preserved his right to review his deposition transcript for an opportunity to provide a statement of changes and, if so, whether he received proper notice of the availability of the transcript for that purpose.  Moreover, the application of Rule 30(f) to the operation of Rule 30(e), if any, has not been elaborated.  The Court finds these issue are

material to the merits of Miller's Motion To Compel and to his Objections to the denial of that motion. Accordingly, these issues are **REMANDED** to Judge McCurine for further fact-finding and a new ruling on this component of the motion.

**IT IS SO ORDERED.**

DATED: April 4, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge