UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075<br>    Plaintiff,<br>v.<br>O. RUFION; MOONGA, R.N.,<br>    Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 128]; and**<br><br>**(2) DENYING MOTION TO SEAL [Doc. No. 135]** |

**I.**

**INTRODUCTION**

  Plaintiff is proceeding *pro se* and *in forma pauperis* with a Complaint brought pursuant to 42 U.S.C. section 1983. In his Second Amended civil rights complaint, Plaintiff alleges deliberate medical indifference under the Eighth Amendment. [Doc. No. 37.] On April 1, 2011, Plaintiff filed a second motion seeking appointment of counsel in the above-entitled matter. [Doc. No. 128.] In support of his second motion, he argues new facts exist to warrant appointment of counsel. Specifically, Plaintiff claims he has dyslexia and memory lapses which would affect his performance at trial. Plaintiff requests the pleading in which claims he has learning and memory deficiencies be sealed. [Doc. No. 135, at 1:19-20.]

**II.**

**STANDARD OF REVIEW**

  There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). However, such a request may

only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Both of the exceptional circumstances factors must be considered together before reaching a decision. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn,* 789 F.2d at 1331.

## III.
## DISCUSSION

**A. Motion for Appointment of Counsel**

Plaintiff contends he meets the exceptional circumstances requirement because he has a learning disability and memory deficiencies. The Court has reviewed the pleading in which Plaintiff claims to be dyslexic and to have trouble thinking "spontaneously," however there are no medical records, test result or declarations attached to the pleading to support Plaintiff's statement that he suffers from a learning disability. After an evaluation of: (1) the merits of Plaintiff's case, wherein he alleges a sole claim of deliberate indifference and (2) the ability of Plaintiff to articulate his claims, which are not complex, the Court finds exceptional circumstances do not presently exist to award appointment of counsel at this time. Plaintiff understands the issues involved in his case, and was most recently able to successfully defend against Defendant Rufino's motion for summary judgment. Accordingly, Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

**B. Sealing The Judicial Record**

Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of public access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). The party attempting to seal judicial records bears the burden of overcoming this strong presumption by "'articulat[ing] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'"

*Id.* at 1178-1179. Accordingly, "the court must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179.

The factors relevant to determining whether there are compelling reasons sufficient to overcome the presumption include "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination or further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136 (9th Cir. 2003)). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. United States Dist. Court*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

Here, Plaintiff claims to have a learning disability and problems with memory but has included no evidence in support of these statements. Furthermore, Plaintiff has failed to explain why having dyslexia or memory difficulties are conditions which, on their face, constitute the compelling reasons necessary to overcome the strong presumption in favor of public access to court records. As the Court has noted, Plaintiff's statements are unsupported. There are no confidentiality concerns implicated by the one-page pleading Plaintiff seeks to seal. Accordingly, Plaintiff's request for sealing is **DENIED**.

### IV.
### CONCLUSION AND ORDER

Accordingly, under the circumstances of this case, the Court finds Plaintiff has failed to show the "exceptional circumstances" required for appointment of counsel and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel [Doc. No. 128]. In addition, the Court **DENIES** Plaintiff's request to seal [Doc. No. 135].

**IT IS SO ORDERED.**

DATED: April 28, 2011

*[signature]*
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court