UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075<br>           Plaintiff,<br>v.<br>O. RUFION; MOONGA, R.N.,<br>           Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER RE: DEPOSITION TRANSCRIPT** |

**I. INTRODUCTION**

On April 4, 2011, the Honorable Barry T. Moskowitz remanded the issue of Plaintiff's deposition transcript review under Federal Rule of Civil Procedure 30(e) to Magistrate Judge William McCurine, Jr. [*See* Doc. No. 129 at 6:2-3.]  Specifically, Judge Moskowitz requested further fact-finding as to the issues of whether Plaintiff "preserved his right to review his deposition transcript for an opportunity to provide a statement of changes and, if so, whether he received proper notice of the availability of the transcript for that purpose." *Id.* at 5:22-28.

On April 5, 2011, Defendants filed a response to the April 4, 2011 Order setting forth as exhibits documentation that Plaintiff indeed received and made changes to his deposition transcript on October 12, 2010. [*See* Exhs. A and B to Doc. No. 130.] On April 15, 2011, Plaintiff filed an opposition to Defendant's response with an attached errata sheet as an exhibit to illustrate that all of the changes requested by Plaintiff may not have been made or were made incorrectly. [Doc. No. 131.]

## II. STANDARD

The Federal Rules of Civil Procedure do not *require* a deponent to review and sign a deposition transcript. Rule 30(e) provides an opportunity to do so upon the request of a deponent or party. Fed. R. Civ. P. 30(e)(1)-(2). When review of the transcript is requested, the deponent may change or correct the substance or form of the transcript, but must provide a signed statement listing the changes and the reasons in support of those changes within 30 days of being notified of a completed transcript. *Id.*

## III. DISCUSSION AND ORDER THEREON

Here, Plaintiff 's deposition was taken on September 23, 2010. After receiving a copy of the deposition transcript from the court reporting service, Fivecoat & With, Plaintiff reviewed the transcript and signed it with accompanying changes on October 12, 2010. *See* Doc. No. 130 at Exh. A. The Attorney General's office was notified of the changes on October 15, 2011. *Id.*   No objections were made to the changes proposed by Plaintiff. Accordingly, the Court finds the transcript changes requested by Plaintiff were made within the 30-day time frame set forth in Rule 30(e) and therefore, were timely.

In his opposition, Plaintiff admits he received the opportunity to review and amend the deposition transcript.  He argues, however, that the corrections he requested were not made. *See* Doc. No. 131 at 1:24-27. After comparing the errata sheet submitted by Plaintiff with the pages of deposition transcript in question, which were an exhibit to Defendants' response, the Court finds the following:

- the change to page 8 at line 20 appears to incorrectly indicate "13 years" as opposed to the phrase "15 years" which is the correction requested on Plaintiff's errata sheet;
- the proposed change to page 13 at line 20 was not made because the name "Harris" still appears in the deposition transcript;
- the requested change at page 14 on line 9 was not made because instead of the word "inmate", the moniker "Mr. H" appears in the deposition transcript

The Court could not determine whether the proposed changes to pages nine (9) and eleven (11) of the deposition transcript were actually made because Defendants did not include pages nine (9) and eleven (11) in its exhibit. Accordingly, the Court **ORDERS** Defendants to direct the deposition officer to make all the changes proposed by Plaintiff on his errata sheet as well as correct any typographical errors made with

respect to those proposed changes and thereafter provide certification that the proposed changes were executed correctly.

**IT IS SO ORDERED.**

DATED: June 14, 2011

_____

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court