1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                   SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075 | ) Civil No. 08-1233 BTM (WMc)<br>) |
| Plaintiff, | ) **ORDER: (1)  DENYING REQUEST FOR** |
| v. | ) **MATERIALS AND LIBRARY TIME**<br>) **WITHOUT PREJUDICE; AND (2)** |
| O. RUFION; MOONGA, R.N., | ) **SETTING TELEPHONIC STATUS**<br>) **CONFERENCE   [Doc. No. 137]** |
| Defendants. | )<br>) |

## I.  INTRODUCTION

On May 6, 2011, Plaintiff filed a motion requesting this Court order the Calipatria State Prison to return confiscated legal materials as well as an order directing the prison to provide four hours of library time to the Plaintiff once a week.  [*See* Doc. No. 137 at p. 2.]  Plaintiff states he needs his legal materials as well as research time in the library to meet upcoming court deadlines and dates.  The Court notes Plaintiff has a pre-trial conference date of August 29, 2011 before the Honorable Barry T. Moskowitz. [Doc. No. 133.]

## II.  STANDARD OF REVIEW

Prison officials of necessity must regulate the time, manner, and place in which library facilities are used.  *Lindquist v. Idaho State Bd. of Corrections,* 776 F.2d 851, 858 (9th Cir.1985).  There is no minimum requirement that a state must meet in order to provide indigent prisoners with adequate access to the courts.  *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).  Similarly, the Constitution does not guarantee a prisoner unlimited access to the law library.  *Lindquist,* 776 F.2d at 856.

///

///

///

1

### III.  DISCUSSION AND ORDER THEREON

In his motion, Plaintiff claims he was placed in administrative segregation where he was denied time in the law library and denied access to his legal materials. [*See* Doc. No. 137 at p. 2.]  Consequently, he seeks an order from the Court for legal materials and library access.  However, delays in providing legal materials or assistance are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes.  *Lewis v. Casey*, 518 U.S. 343, 362 (1996).  Here, Plaintiff indicates he was unable to access the library or legal materials due to his placement in administrative segregation for a rule violation.  [*See* Doc. No. 137 at p. 2.] Courts must provide deference to prison administrators "in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  Accordingly, Plaintiff's request for legal materials and four hours of library time is **DENIED** without prejudice.

In order to determine the present status of Plaintiff's confinement in administrative segregation as well as the location of any legal materials, the Court will hold a telephonic status conference on **June 29, 2011 at 11:30 a.m.  Defense counsel is ORDERED to coordinate Plaintiff's appearance by phone and then contact the Court on the day and at the time listed above at (619) 557-6624.**

IT IS SO ORDERED.

DATED:   June 21, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court