UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. MILLER, JR.<br>CDCR #C-92075<br>　　　　　　Plaintiff,<br>v.<br>O. RUFION; MOONGA, R.N.,<br>　　　　　　Defendants. | Civil No. 08-1233 BTM (WMc)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO INTERVENE**<br><br>**[Doc. No. 152]** |

## I. INTRODUCTION

This case comes before the Court on Plaintiff's Motion to Intervene re: Independent Laboratory Analysis. [Doc. No. 152.] In his motion, Plaintiff claims a Dr. R. Kornbluth, at Calipatria State Prison has been covering up [his] illness by using other prisoner's blood work or not actually running the test that the Plaintiff's [sic] requested." [Id. at 1:21-25.] Plaintiff further contends a Calipatria State Prison correctional officer has been feeding him food contaminated with spit, body waste or body fluid. [*Id*. at 2:1-6.] Plaintiff requests the Court order an independent laboratory analysis of his blood to help determine a course of treatment for his illness. [*Id*. at 2:10-16.] After careful consideration, Plaintiff's motion is **DENIED** as discussed herein.

## II. STANDARD OF REVIEW AND DISCUSSION

The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir.1983).   Here, Calipatria State Prison, Dr. Kornbluth and the unidentified correctional officer noted in Plaintiff's motion are not parties to the instant action.  Therefore, Plaintiff's request for an order instructing Calipatria State Prison or its employees  to conduct an independent laboratory analysis of

Plaintiff's blood must fail for lack of jurisdiction. If Plaintiff has a concern regarding the current medical treatment he is receiving at Calipatria State Prison, he must file an internal grievance with the prison where he now resides and exhaust the administrative remedies associated with this new claim.

## III.

## CONCLUSION AND ORDER THEREON

The Court lacks jurisdiction to grant the relief requested. Furthermore, it appears Plaintiff's administrative remedies have not been exhausted as to the subject matter addressed in Plaintiff's Motion to Intervene and are not at issue in the instant litigation. Accordingly, Plaintiff's Motion to Intervene is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 23, 2011

_WMcCurine Jr._

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court