# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| GERALD LEE MILLER, JR.,<br><br>                    Plaintiff,<br>      v.<br><br>O. RUFINO, et al.,<br><br>                    Defendants. | Case No. 08cv1233 BTM(WMC)<br><br>**ORDER RE: PROCEDURE FOR OBTAINING TRIAL TESTIMONY OF MARSHALL LEWIS, M.D.; ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiff argues that the Court should appoint Dr. Lewis as an expert under Fed. R. Civ. P. 706. For the reasons discussed in the Court's order filed on May 9, 2011, the Court does not find it necessary to appoint an independent expert in this case. The fact that a pro se plaintiff lacks the funds to hire an expert witness is not a valid reason for a court to appoint the expert under Rule 706. See Noble v. Adams, 2009 WL 3028242, at * 1 (E.D. Cal. Sept. 16, 2009) ("Plaintiff has not requested an expert because one is needed to assist the court. Rather Plaintiff is requesting an expert because he cannot afford to hire one. Such circumstances fall outside of reasons for an expert under Rule 706.")

Furthermore, an expert appointed under Rule 706 in a civil case such as this one must be paid by the parties. It appears that Plaintiff lacks the funds to pay Dr. Lewis's compensation. It would be unfair to require Defendant to pay all of the compensation. See

1  Piper v. Rasheed, 2011 WL 3495984, at * 4 (N.D. Cal. Aug. 9, 2011) ("[I]n a civil rights action
2  such as this, Rule 706(b) contemplates that the expert would be paid by the parties.  Here
3  Defendant would have to bear the entire cost because Plaintiff is unable to pay for the
4  expert.  There is no showing that it is appropriate or fair to require Defendant to bear the sole
5  burden of paying an expert witness to present Plaintiff's point of view.")

6  If Plaintiff wishes to subpoena Dr. Lewis to testify at trial, Plaintiff must tender the
7  appropriate witness fees with the subpoena.  The Ninth Circuit has held that although 28
8  U.S.C. § 1915 provides for service of process with respect to an indigent's witnesses, it does
9  not waive the payment of fees or expenses for those witnesses.  Tedder v. Odel, 890 F.2d
10 210, 211-12 (1989).  Therefore, Plaintiff's *in forma pauperis* status does not excuse him from
11 paying required witness fees.

12 Plaintiff has also filed a motion for reconsideration of Judge McCurine's Order filed
13 on August 23, 2011, denying Plaintiff's "motion to intervene."  Plaintiff argues that he still
14 needs treatment by an independent medical clinic because he is being denied medical
15 treatment of his physical ailments, which are allegedly caused by food poisoning.  Plaintiff
16 claims that his blood samples have been switched in an attempt to cover up the situation.
17 The Court construes Plaintiff's motion as objections to Judge McCurine's Order and
18 **OVERRULES** the objections.  As explained in Judge McCurine's Order, the Court lacks
19 jurisdiction to intervene in the medical treatment of Plaintiff at Calipatria.  Plaintiff's claims
20 of inadequate medical treatment at Calipatria are separate and distinct from Plaintiff's claim
21 against Defendant Rufino (an LVN at Kern Valley State Prison) and cannot be entertained
22 in this action.

23 **IT IS SO ORDERED.**

25 DATED: October 13, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge